UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 26-04875-KK-PDx** | Date: | September 14, 2026 |
| Title: | ***Vladimir M. Troykalo v. Cynthia Armant, et al.*** | | |

| | |
|---|---|
| Present: The Honorable | KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Dominique Carr | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
| None Present | None Present |

**Proceedings: (In Chambers) Order GRANTING Petition for Writ of Habeas Corpus [Dkt. 1]**

## I. INTRODUCTION

On August 25, 2026, petitioner Vladimir M. Troykalo ("Petitioner") filed the operative Petition for Writ of Habeas Corpus ("Petition") against respondents Cynthia Armant, Ernesto Santacruz, Todd Lyons, Markwayne Mullin, and Todd Blanche (collectively, "Respondents"). ECF Docket No. ("Dkt.") 1, Petition ("Pet."). On August 31, 2026, Respondents filed an Answer to the Petition. Dkt. 8, Answer.

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Petition is **GRANTED**.

## II. BACKGROUND

The Court incorporates the factual background set forth in its September 2, 2026 Order granting Petitioner's Motion for Preliminary Injunction. See Dkt. 10 at 1-2.

On August 25, 2026, Petitioner, proceeding through counsel, filed the operative Petition, asserting his detention violated the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. Pet. ¶¶ 21-31. Petitioner requests, among other forms of relief, a permanent

injunction prohibiting Respondents from re-detaining him absent written notice and a pre-deprivation hearing before a neutral decisionmaker. Id. at 26.

On the same day, Petitioner filed a Motion for Temporary Restraining Order, seeking his release from Respondents' custody pending the resolution of this action. Dkt. 2. On August 26, 2026, the Court converted Petitioner's Motion for Temporary Restraining Order to a Motion for Preliminary Injunction ("Motion") and ordered expedited briefing. Dkt. 6.

On August 31, 2026, Respondents filed an Answer to the Petition and Opposition to Petitioner's Motion. Dkt. 8.

On the same day, Petitioner filed a Reply in support of his Petition and Motion. Dkt. 9, Reply.

On September 2, 2026, the Court granted Petitioner's Motion, ordered Petitioner's release from immigration custody, and enjoined Respondents from re-detaining Petitioner without providing him a pre-detention hearing before a neutral decisionmaker where Respondents bear the burden of demonstrating by clear and convincing evidence that Petitioner is a flight risk or a danger such that his physical custody is required. Dkt. 10 at 9. The Court further ordered the parties to file a stipulated order and judgment granting the Petition, or, in the alternative, a joint status report. Id.

On September 8, 2026, Respondents filed a Notice of Compliance confirming Petitioner was released from custody on September 2, 2026 pursuant to the Court's September 2, 2026 Order. Dkt. 11.

On September 9, 2026, the parties filed separate status reports. Dkts. 12, 13. In their status report, Respondents contend immigration judges lack the authority to conduct pre-deprivation custody redetermination hearings and this action is moot in light of Petitioner's release from custody. Dkt. 12 at 2-5. In his status report, Petitioner argues the Court retains the authority to grant his requested injunction and this action is not moot. Dkt. 13 at 2-5.

This matter, thus, stands submitted.

## III.
## DISCUSSION

In granting Petitioner's Motion, the Court found Petitioner's detention without notice or a pre-deprivation hearing likely violated Petitioner's right to procedural due process. Dkt. 10 at 4-7. In so doing, the Court rejected the arguments raised by Respondents in their Answer. See id.; Answer at 3-7. Respondents do not otherwise challenge the Court's findings on the merits of Petitioner's claim. See generally Answer; Dkt. 12. Instead, Respondents only argue the Petition is moot in light of Petitioner's release from custody and immigration judges lack the authority to conduct pre-deprivation custody hearings. Dkt. 12 at. As explained below, the Court rejects both arguments. Moreover, the Court further finds Petitioner is entitled to additional injunctive relief.

///

///

## A. THE PETITION IS NOT MOOT

### 1. Applicable Law

Courts have an obligation to consider mootness and should deny requested relief where it is superfluous. In re Burrell, 415 F.3d 994, 997 (9th Cir. 2005). "A case becomes moot – and therefore no longer a 'case' or 'controversy' for purposes of Article III – when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Rosebrock v. Mathis, 745 F.3d 963, 971 (9th Cir. 2014) (citing Already, LLC v. Nike, Inc., 568 U.S. 85, 90 (2013)).

The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." Wallingford v. Bonta, 82 F.4th 797, 805 (9th Cir. 2023) (citation modified) (quoting Nw. Env't Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988). "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987); see also Chen v. Allstate Ins. Co., 819 F.3d 1136, 1145 (9th Cir. 2016) ("[A] claim becomes moot once the plaintiff actually receives all of the relief to which he or she is entitled on the claim."); NASD Disp. Resol., Inc. v. Jud. Council, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding the appeal to be moot when plaintiffs were already granted the relief they sought). "A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 174 (2000).

### 2. Analysis

Here, Petitioner was released from immigration custody only pursuant to the Court's September 2, 2026 Order granting the preliminary injunction. See Dkt. 11. The preliminary relief granted by the Court's September 2, 2026 Order is thus, by definition, temporary pending the resolution of this litigation. See Cruz v. Lyons, No. EDCV 25-02879-MCS-MBKx, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025) (finding a petitioner's release pursuant to a temporary restraining order did not moot her underlying habeas petition). Notably, Respondents provide no indication, let alone an "absolutely clear" assurance, that they will not re-detain Petitioner without procedural safeguards pursuant to their purported authority under 8 U.S.C. § 1226. Already, LLC, 568 U.S. at 91 (citation modified) (quoting Friends of the Earth, Inc., 528 U.S. at 190); see generally Dkt. 12. Therefore, absent a ruling on the Petition, Petitioner continues to "face[] the threat of re-arrest and mandatory detention." Nielsen v. Preap, 586 U.S. 392, 403 (2019) (holding detainees' release on bond did not moot their detention claims); see also Renee v. Duncan, 686 F.3d 1002, 1016 (9th Cir. 2012) ("[A] temporary halt to unlawful action does not moot a claim for injunctive relief.").

Further, as the Court has already found Petitioner's detention violated his right to procedural due process, Respondents may not re-detain him pursuant to 8 U.S.C. § 1226 without procedural protections. Because "[t]his would place Petitioner in a far different situation from his current one," Petitioner "retains a personal stake" in the outcome of the Petition. Rodriguez v. Hayes, 591 F.3d 1105, 1117 (9th Cir. 2010), abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018); see also Diouf v. Napolitano, 634 F.3d 1081, 1084 n.3 (9th Cir. 2011) (applying voluntary-cessation exception to mootness to a petitioner's claims where the petitioner had been released on bond), abrogated on other grounds by Johnson v. Arteaga-Martinez, 596 U.S. 573 (2022).

Hence, consistent with the weight of the case law in this District, the Court finds Petitioner's release from Respondents' custody does not moot the Petition. See Y.L.S. v. Santacruz, No. EDCV 25-02927-CV-MBKx, 2026 WL 734586, at *4 (C.D. Cal. Feb. 5, 2026) (collecting cases), report and recommendation adopted, No. EDCV 25-02927-CV-MBKx, 2026 WL 710388 (C.D. Cal. Mar. 13, 2026).

**B. PETITIONER IS ENTITLED TO ADDITIONAL INJUNCTIVE RELIEF**

Turning to the merits of the Petition, for the same reasons set forth in the Court's September 2, 2026 Order, the Court finds Petitioner is entitled to an injunction prohibiting Respondents from re-detaining him under 8 U.S.C. § 1226 without a pre-detention hearing before a neutral decisionmaker where Respondents bear the burden of demonstrating by clear and convincing evidence that Petitioner is a flight risk or a danger such that his physical custody is required. Dkt. 10 at 4-7. Given Respondents' failure to oppose the merits of Petitioner's due process claim, the Court sees no reason to depart from its previous analysis.

Respondents object to the injunction requested by Petitioner because immigration judges lack the authority to conduct pre-deprivation custody hearings. Dkt. 12 at 2-4. As an initial matter, the Court, like others in this District, finds this argument unpersuasive. See Nguyen v. Johnson, No. EDCV 26-03254-CAS-MARx, 2026 WL 2253329, at *3 (C.D. Cal. Aug. 4, 2026) (collecting cases rejecting this argument). "The power to order a bail hearing before an immigration judge is the type of practice and workable remedy within the district court's broad equitable powers." Alwarhani v. Adelanto ICE Processing Ctr., No. EDCV 26-01487-JAK-DTBx, 2026 WL 1847435, at *3 (C.D. Cal. June 26, 2026) (citation modified) (quoting Mau v. Chertoff, 562 F. Supp. 2d 1107, 1114 (S.D. Cal. 2008)).

Further, Respondents misapprehend the nature of the injunction at issue. Contrary to Respondents' assertions, the injunction would not "give Immigration Judges additional authorities" beyond those prescribed by statute, Dkt. 12 at 3; rather, it would simply ensure Petitioner receives "adequate procedural protections to ensure that the government's asserted justification for physical confinement outweighs [his] constitutionally protected interest in avoiding physical restraint," Hernandez v. Sessions, 872 F.3d 976, 990 (9th Cir. 2017) (citation modified) (quoting Singh v. Holder, 638 F.3d 1196, 1203 (9th Cir. 2011)). Put differently, an injunction requiring a pre-deprivation hearing would "not mandate that an Immigration Judge take action . . . [they] do not have," but would instead only "conditionally prohibit[] re-detention . . . unless [Respondents] comply with due process guaranteed by the Fifth Amendment." Singh v. Santacruz, No. EDCV 26-04515-DSR, 2026 WL 2574825, at *4 (C.D. Cal. Aug. 31, 2026). To the extent Respondents do not have procedures in place for providing the required constitutional protections to Petitioner, "the solution is not to set aside the Constitution and permit Respondents to continue to violate it." Id.; see Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.").

Accordingly, in light of the absence of procedural safeguards afforded to Petitioner in connection with his detention, the Court finds Petitioner is entitled to an injunction prohibiting Respondents from re-detaining him under 8 U.S.C. § 1226 without a pre-deprivation hearing.

///

## IV. CONCLUSION

For the reasons set forth above, the Court orders as follows:

1. The Petition for Writ of Habeas Corpus is **GRANTED**; and
2. Respondents are permanently **ENJOINED** from re-detaining Petitioner under 8 U.S.C. § 1226 without providing him with a pre-detention hearing before a neutral decisionmaker where Respondents bear the burden of demonstrating by clear and convincing evidence that Petitioner is a flight risk or a danger such that his physical custody is required.

**IT IS SO ORDERED**.